IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Consolidated for all Purposes

JAMES CONNELLI,

Plaintiff,

vs.

SURROGATES COURT,                                              CIVIL NO.  01-233 MV/RLP

Defendant.

APPELLATE SUPREME COURT,                           CIVIL NO.  01-359 BB/LFG

Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff James Connelli ("Connelli") recently filed numerous pleadings with the United States

District Court for the District of New Mexico, including complaints, pleadings and applications to

proceed *in forma pauperis*.  In some of these cases, Connelli sought the Court's authorization

allowing him to proceed with litigation without the payment of costs and fees.  In others, he simply

submitted a complaint or pleadings without an application to proceed *in forma pauperis* and without

the payment of fees.

So as to ensure that a *pro se* litigant's claims are not inappropriately barred due to technical

defect, the Clerk of the Court is authorized to accept for filing a *pro se* litigant's pleadings, and

thereafter seek a court determination of whether the litigant qualifies for *in forma pauperis* treatment

or, alternatively, whether a filing fee should be paid.  As a result of this practice, all of Connelli's

complaints and pleadings have been filed, even without payment of a filing fee or court order

authorizing *in forma pauperis* status.



The federal *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive fees. The intent of this statute is "to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

In some of these cases, Connelli submitted an affidavit indicating that he earns $965 per month, is the recipient of Social Security disability benefits, owns no real estate or significant assets, and is without funds sufficient to prosecute his litigation. Based on a review of his affidavit, the Court concluded that Connelli is indigent, and the Court authorized the filing of his complaint without the payment of a filing fee.

The Court is authorized to judicially notice its own records. Thus, while Connelli has not submitted an application for *in forma pauperis* status in all of his cases, the Court will judicially notice his prior affidavits and orders of the Court, and will determine that Connelli is indigent. The Court will grant a limited waiver of costs and accept his pleadings for filing.

### *Sua Sponte* Analysis

While Congress removed the barriers to court process for indigents by enacting the *in forma pauperis* statute, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992). In response to this congressional concern, courts were specifically authorized to review and, where appropriate, to dismiss an *in forma pauperis* complaint "if the court determines . . . the action . . . is frivolous or

2

malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the court may conduct a *sua sponte* review of a complaint pursuant to this section and may dismiss the complaint if it is patently obvious that the plaintiff cannot prevail on the facts alleged. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, if the defect in pleading may be cured by appropriate amendments, dismissal of the complaint should be without prejudice to the plaintiff filing another complaint with valid allegations.

In reviewing a *pro se* complaint, the court is to apply the same legal standards applicable to pleadings drafted by counsel, but the court remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-1521 (10th Cir. 1992). It is with these standards in mind that the Court reviews Connelli's complaint.

Connelli's two cases against the Surrogates Court and Appellate Supreme Court have been consolidated, as the matters raised in both of these lawsuits concern his claims that various New York courts have denied him due process of law by dismissing his claims or appeals or, alternatively, by refusing to stay the effect of certain court orders.

These claims are the same as those Connelli recently brought against the Appellate Supreme Court in CIV 01-232 JP. That case, too, concerns Connelli's contention that various New York courts, including the Surrogate, Supreme Court and Appellate courts, denied him due process by issuing orders contrary to his interests, denying his appeal, and refusing to stay various writs and orders.

## Lack of Federal Jurisdiction

In CIV 01-232 JP, the Court conducted a *sua sponte* analysis and found that Connelli failed to indicate any basis of federal jurisdiction in his complaint. Section 1332(a) of Title 28 provides for diversity of citizen jurisdiction in federal courts "where the matter in controversy exceeds the sum or

3

value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . .

. ." Nothing in Connelli's allegations established jurisdiction under this statute. There was no

statement concerning the citizenship of the parties or whether the matter in controversy exceeded the

sum of $75,000. In the absence of those allegations, federal jurisdiction was negated under 28 U.S.C.

§ 1332(a).

The Court also noted that 28 U.S.C. § 1343 provides for federal jurisdiction "to redress the

deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any

right, privilege or immunity secured by the Constitution of the United States or by any Act of

Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United

States . . . ." Nothing in Connelli's allegations in CIV 01-232 JP, and, indeed, nothing in his

allegations in CIV 01-233 or CIV 01-359, demonstrate actions under color of state law by any

defendant or any conduct that would invoke protections under 42 U.S.C. § 1983. Connelli's prior

case was dismissed because he failed to submit a complaint with sufficient allegations demonstrating

federal jurisdiction.

## Rule 12(b)(6)

In addition to dismissal for failure to demonstrate federal jurisdiction, the Court's prior *sua*

*sponte* review resulted in a determination that Connelli's claims failed to withstand scrutiny under

Fed. R. Civ. P. 12(b)(6). An examination of the two present complaints results in the same

conclusion. It appears that Connelli is asking the Court to review various state court proceedings

and, indeed, to trump decisions issued by various New York State courts. Connelli's request would

be barred by the doctrine established in Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.

Ct.149, 150 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103

4

S. Ct. 1303, 1315 (1983), known collectively as Rooker-Feldman. The Rooker-Feldman doctrine bars federal review of a state court's civil judgments. A federal court, other than the United States Supreme Court, lacks jurisdiction to review state court decisions reached in judicial proceedings. Feldman at 476; cf. Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review").

The bar against federal review of state decisions is substantial. It is not limited to decisions coming from the state's highest court, Dubinka v. Judges of the Superior Court, 23 F.3d 218, 221 (9th Cir. 1994), nor does it matter whether the state court decisions are final or interlocutory. Gentner v. Shulman, 55 F.3d 87, 89 (2nd Cir. 1995). The doctrine precludes federal jurisdiction even when the state court's decision implicates federal constitutional issues, id., or when the plaintiff brings his action under federal civil rights statutes. Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

## Absolute Immunity

From the face of the complaints, it is also apparent that Connelli's claims arise out of his dissatisfaction with judicial proceedings in New York State.

Courts have long recognized that a litigant dissatisfied with the outcome of judicial proceedings will oftentimes accuse his adversaries or the court itself of constitutional violations. *See,* *e.g.,* Bradley v. Fisher, 80 U.S. (13 Wall) 335, 348 (1871). Because "controversies sufficiently intense to erupt in litigation are not easily capped by a judicial decree, . . . the common law provided absolute immunity from subsequent damages liability for all persons – governmental or otherwise – who were integral parts of the judicial process." Briscoe v. LaHue, 460 U.S. 325, 335, 103 S. Ct. 1108, 1115-16 (1983)(quoting Butz v. Economou, 438 U.S. 478, 512, 98 S. Ct. 2894, 2913 (1978)).

5

Accordingly, the United States Supreme Court has recognized not only the absolute civil immunity of judges for conduct within their judicial domain, <u>Pierson v. Ray</u>, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18 (1967), but also the quasi-judicial civil immunity of prosecutors, <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31, 96 S. Ct. 984, 995 (1976), grand jurors, <u>id.</u> at 423 n. 20, witnesses, <u>Briscoe</u>, 460 U.S. at 345-346, and agency officials, <u>Butz</u>, 438 U.S. at 512-513, for acts intertwined with the judicial process, <u>Valdez v. City and County of Denver</u>, 878 F.2d 1285, 1287 (10th Cir. 1989).

Thus, it is patently clear that Connelli's claims against the judges of the New York courts would be barred by absolute immunity.

A dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is generally without prejudice so as to allow a party an opportunity to correctly plead a cause of action. Here, however, an amendment to the complaints would be futile, as the very relief which Connelli seeks, a review of state appellate decisions and an order barring the effect of state court decisions, is impermissible as a matter of law. Thus, Connelli's claims against the various courts named in his complaints are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

6